IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUCAS WILLIAMS,       )
                         )
       Plaintiff,      )
                         )
     v.               )         1:26CV58
                         )
SERGIO JIMENEZ, *et seq.*,  )
                         )
       Defendants.   )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff Lucas Williams's application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons set forth below, the Court will grant the application for the limited purpose of allowing the Court to consider a recommendation of dismissal.

### I.    DISCUSSION

Williams's Complaint alleges only the following:

  1. Upon information and belief, Defendants conspired with individuals in LT-325749-22KI, in which the next court appearance is scheduled for 2/4/25 before Defendant Sergio Jimenez,

  2. All defendants conspired together in violation of due process,

  3. This Court has jurisdiction under federal law.

Compl. ¶¶ 1-3, Docket Entry 2.

The Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.,* 550 U.S. at 555 (citation modified). "Thus, while a

plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570). The Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in his favor. *See Jehovah v. Clarke,* 798 F.3d 169, 176 (4th Cir. 2015).

The allegations in Williams's Complaint do not plausibly allege any claim against any defendant.

To the extent that Williams's due process claim is a challenge to any state-court judgment, the *Rooker-Feldman* doctrine bars the claim. *See Reed v. Goertz*, 598 U.S. 230, 234-35 (2023) (explaining that "the doctrine prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments" and citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). Moreover, even a liberal construction of Williams's Complaint cannot save it from dismissal.

## II. CONCLUSION

It is therefore **ORDERED** that Williams's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider a recommendation of dismissal. It is **RECOMMENDED** that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

JoAnna Gibson McFadden
United States Magistrate Judge

March 12, 2026
Durham, North Carolina

2